UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                      Plaintiff,

                                                        DECISION AND ORDER

                                                        04-CR-6164L

                    v.

ALLEN ABNEY,

                      Defendant.
_____

Defendant/petitioner Allen Abney, appearing *pro se*, has filed a motion (Dkt. #204) for leave to amend his original motion to vacate his sentence under 28 U.S.C. § 2255. The motion is denied.

Abney was convicted after a jury trial in 2006 of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). Dkt. #116. Abney filed his first § 2255 motion in October 2009, Dkt. #179, which was denied by this Court. Dkt. #187.

In January 2011, Abney filed a second § 2255 motion. Dkt. #196. This Court transferred the motion to the Court of Appeals for the Second Circuit, pursuant to § 2255(h). Dkt. #197. The Court of Appeals denied the motion, on the grounds that the claims presented in the motion were the same as those asserted in his first § 2255 motion, and that none of Abney's claims satisfied the criteria laid out in § 2255(h) for a successive § 2255 claim. Dkt. #201.

In his current motion, Abney states that he "wishes to amend his original § 2255 petition" to assert a claim of ineffective assistance of counsel, based on his attorney's failure to challenge the use of Abney's prior convictions as predicate offenses under the Armed Career Criminal Act ("ACCA"). *See* Dkt. #204 at 1, 15.

Abney has not demonstrated any basis for the relief sought. His original § 2255 motion has long since been denied; he has not shown why any amendment now would relate back to the filing of his original motion, or how, even if it did relate back, an amendment would resuscitate that motion; and he has failed to present any good reason why he should be allowed to raise these ineffective-assistance claims at this late date.

## CONCLUSION

Defendant Allen Abney's motion (Dkt. #204) for leave to amend his original motion under 28 U.S.C. § 2255 is denied.

Defendant's motion for speedy resolution of pending charges (Dkt. # 195) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 26, 2013.